

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 22, 2021

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Kevin Handren*, 19 Cr. 833 (SHS)

Dear Judge Stein:

      The Government respectfully submits this letter in the above-captioned matter to advise the Court of a potential conflict of interest by one of the counsel for the defendant, who is scheduled for a conference on March 24, 2021, at 9:30 a.m. Specifically, George Barchini, Esq., of Perry Guha LLP, has submitted an application for the position of an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York. Mr. Barchini has represented to the Government that he informed the defendant of his application, and that the defendant consents to Mr. Barchini's continued representation of the defendant.

      Nevertheless, in an abundance of caution, as a result of Mr. Barchini's application, and the potential conflict of interest that it presents, the Government respectfully requests, without objection from the defendant, that the Court hold a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), which the Government suggests be held when the parties appear for the scheduled conference.

## Applicable Law

      The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002) (quoting *United States v. Blau*, 159 F.3d 68, 74 (2d Cir. 1998)). District courts have two separate obligations where there is a potential conflict of interest. First, there is an "inquiry obligation," pursuant to which the court must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either: (i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be

Hon. Sidney H. Stein
March 22, 2021
Page 2

waived, conduct a *Curcio* hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

Three types of conflicts of interest are the subject of judicial inquiry and can potentially result in the deprivation of the effective assistance of counsel: (i) a *per se* conflict; (ii) an actual conflict; or (iii) a potential conflict that results in prejudice to the defendant. *See Armienti v. United States*, 313 F.3d 807, 810 (2d Cir. 2002); *United States v. John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001).

In the Second Circuit, *per se* conflicts have been found only in two classes of cases: where defense counsel "is not authorized to practice law" and where defense counsel "is implicated in the very crime for which his or her client is on trial." *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000); *see also Solina v. United States*, 709 F.2d 160, 164 (2d Cir. 1983) (unlicensed attorney); *United States v. Cancilla*, 725 F.2d 867, 868-70 (2d Cir. 1984) (attorney implicated in client's crime). The Second Circuit has "repeatedly" and consistently refused to extend the *per se* rule beyond the two prescribed categories. *Strouse v. Leonardo*, 928 F.2d 548, 555 (2d Cir. 1991) ("[T]his court has repeatedly declined to extend the *per se* rule beyond the sort of egregious conduct present in *Solina* and *Cancilla*." (internal quotation marks and citation omitted)).

An actual conflict exists where, "during the course of the representation, the attorney's and defendant's interests diverge with respect to a material legal or factual issue or to a course of action." *Schwarz*, 283 F.3d at 91 (applying standard derived from *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). To show divergent interests, "[s]peculation is not enough." *Triana v. United States*, 205 F.3d 36, 42 (2d Cir. 2000). Nor is a "mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002). There can be an actual conflict of interest only if "the attorney's current representation is impaired by the loyalty he owes a former client." *United States v. Leslie*, 103 F.3d 1093, 1098 (2d Cir. 1997) (citing *United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995)).

"An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *Id.* at 127.

The Second Circuit has set forth the requirements for such a *Curcio* hearing in detail:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of

> questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*Perez*, 325 F.3d at 119.

## Conclusion

Pursuant to the foregoing authority, the Government respectfully submits that (i) Mr. Barchini's pending application presents a potential conflict of interest that may be waived by the defendant during a *Curcio* hearing; and (ii) the circumstances of this potential conflict do not warrant disqualification based on the Court's independent duty to protect the integrity of these proceedings. Below is a proposed examination for the requested *Curcio* proceeding.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: *Robert B. Sobelman*
Kiersten A. Fletcher
Benet J. Kearney
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2109/2597

cc: Samidh J. Guha, Esq. (by ECF)
E. Danya Perry, Esq. (by ECF)

Hon. Sidney H. Stein
March 22, 2021
Page 4

## Proposed Examination of Kevin Handren

I. **Introductory Questions To Establish Competence**

1. Do you currently consult a doctor for any condition?

2. Are you currently under the influence of alcohol or drugs or medicine of any kind?

3. Are you feeling well enough to proceed with this hearing today?

4. Is your mind clear?

5. Do you understand why we are holding this hearing?

II. **The Potential Conflict**

6. Are you currently represented by Samidh J. Guha, E. Danya Perry, and George Barchini of the law firm of Perry Guha LLP?

7. Are they retained counsel, that is, chosen by you?

8. Are you satisfied with their representation of you to date?

9. Do you know that Mr. Barchini has applied for a position as an Assistant United States Attorney, that is, a federal prosecutor, at the United States Attorney's Office for the Southern District of New York, the same office that is prosecuting you in this case?

10. Because of Mr. Barchini's potential employment with the United States Attorney's Office for the Southern District of New York, I wish to advise you of certain matters. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings, including sentencing. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost. Do you understand?

11. It is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind, that is to say, he or she cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have a full devoted defense furnished to you, including at sentencing, by an attorney who has no other possible interest of any kind in this matter. Do you understand that?

Hon. Sidney H. Stein
March 22, 2021
Page 5

12. Do you understand that Mr. Barchini's potential employment with the United States Attorney's Office for the Southern District of New York, as a prosecutor, creates the potential that he may have allegiances to interests that may be adverse to your own interests?

13. Do you understand there is a possibility that Mr. Barchini might not be as zealous or as earnest in his representation of you as he might otherwise be if he did not have such other potential interests?

14. For example, he may seek to curry favor with the prosecutor's office, or those with whom it is working on this case, rather than solely pursue your best interests. I am not saying that he necessarily has or would do so, but do you understand that possibility?

15. Do you understand that, by deciding to proceed with Mr. Barchini, you are waiving any argument after your sentencing that Mr. Barchini was ineffective or deficient in his representation of you, because he suffered from a conflict of interest by virtue of his application for a position with the United States Attorney's Office?

16. Have you discussed these matters with Mr. Barchini?

17. Have you discussed them with Mr. Guha and/or Ms. Perry?

18. Please describe, in your own words, your understanding of the conflict of interest that potentially arises from Mr. Barchini's representation of you while pursuing his application for a position with the United States Attorney's Office as a federal prosecutor.

### III.   *Curcio* Counsel

19. Do you understand that you have a right to consult with a lawyer other than Mr. Guha, Ms. Perry, or Mr. Barchini in order to help determine whether you wish Mr. Barchini to continue to represent you?

20. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these matters? Such an attorney will not be connected with Mr. Guha, Ms. Perry, Mr. Barchini, or the Government. Anything you tell that attorney will be a secret between you and the attorney. The attorney cannot tell Mr. Guha, Ms. Perry, Mr. Barchini, the Government's attorneys, or me about your discussions with him or her. Do you understand that?

21. I am prepared to adjourn the remainder of this proceeding so that you may consult another attorney or even just to think about whether you wish to do so. Would you prefer to adjourn until you can give more thought to this matter?

22. Is there anything I have said that you wish to have explained further? Is anything unclear?

23. Would you like the opportunity to consult with another attorney?

24. Would you like the opportunity to consult privately with Mr. Guha, Ms. Perry, or Mr. Barchini?

### IV. Waiver

25. [*If applicable*] Do you still wish to proceed with Mr. Barchini as one of your attorneys in this case?

26. Have you received any inducements, promises, or threats with regard to your decision about this potential conflict?

27. Is your waiver of your right to conflict-free representation voluntary, that is, of your own free will?

28. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel because of Mr. Barchini's pursuit of a position as a federal prosecutor?