```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :
                               :    SUPERSEDING INFORMATION
      - v. -                   :
                               :    S3 19 Cr. 833 (SHS)
KEVIN HANDREN,                 :
                               :
                  Defendant.   :
                               :
- - - - - - - - - - - - - - - x
```

COUNT ONE
(Conspiracy to Commit Wire Fraud)

The United States Attorney charges:

1.  From at least in or about 2005 up to and including at least in or about November 2019, in the Southern District of New York and elsewhere, KEVIN HANDREN, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud in connection with the conduct of telemarketing, as that term is defined in Title 18, United States Code, Section 2325, which did victimize ten and more persons over the age of 55, in violation of Title 18, United States Code, Sections 1343 and 2326.

2.  It was a part and an object of the conspiracy that KEVIN HANDREN, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and

property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 2326, to wit, HANDREN and others induced victims, many of whom were over the age of 55, to pay thousands of dollars to obtain so-called "business services," which they represented would make the management of the victims' purported online businesses more efficient and/or profitable, when, in actuality, HANDREN and his co-conspirators knew that the "services" would provide little or no value to the victims' businesses, which were essentially non-existent.

(Title 18, United States Code, Sections 1349, 2326(1), & 2326(2)(A).)

COUNT TWO
(Aggravated Identity Theft)

The United States Attorney further charges:

3.   From at least in or about 2005 up to and including at least in or about November 2019, in the Southern District of New York and elsewhere, KEVIN HANDREN, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code,

Section 1028A(c), to wit, HANDREN used and transferred names and credit card numbers of individuals in furtherance of the conspiracy to commit wire fraud charged in Count One of this Superseding Information.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

### COUNT THREE
(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

4.  From at least in or about 2005 up to and including at least in or about November 2019, in the Southern District of New York and elsewhere, KEVIN HANDREN, the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

5.  It was a part and an object of the conspiracy that KEVIN HANDREN, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of

the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

6. It was a further part and an object of the conspiracy that KEVIN HANDREN, the defendant, and others known and unknown, within the United States, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

### COUNT FOUR
(Unlawful Distribution of and Possession with Intent to Distribute of Cocaine)

The United States Attorney further charges:

7. In or about 2018 and 2019, in the District of Utah and elsewhere, KEVIN HANDREN, the defendant, intentionally and knowingly distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

8. The controlled substance involved in the offense were mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2.)

**FORFEITURE ALLEGATIONS**

9.   As a result of committing the offense alleged in Count One of this Superseding Information, KEVIN HANDREN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of said offense; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of said offense including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

10.   As a result of committing the offense alleged in Count Three of this Superseding Information, KEVIN HANDREN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

11.   As a result of committing the offense alleged in Count Four of this Superseding Information, KEVIN HANDREN, the defendant, shall forfeit to the United States, pursuant to

Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____ /BJK
AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KEVIN HANDREN,

Defendant.

**SUPERSEDING INFORMATION**

S3 19 Cr. 833 (SHS)

(18 U.S.C. §§ 1028A, 1349, 1956(h), 2326, and 2; 21 U.S.C. § 841.)

AUDREY STRAUSS
United States Attorney.