UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA

          - v. -

KEVIN HANDREN,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

:    CONSENT PRELIMINARY ORDER
:    OF FORFEITURE/
:    MONEY JUDGMENT

:    S3 19 Cr. 833 (SHS)

WHEREAS, on or about March 24, 2021, KEVIN HANDREN (the "Defendant"), was charged in a four-count Superseding Information, S3 19 Cr. 833 (SHS) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349, 2326(1), and 2326(2)(A) (Count One);  aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and unlawful distribution of and possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), of any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense charged in Count One of the Information; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Information including but not limited to a sum of money in United States

currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the Information also included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information;

WHEREAS, on or about March 24, 2021, the Defendant pled guilty to Counts One and Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Three of the Information and agreed, *inter alia*, to forfeit, pursuant to (i) Title 18, United States Code, Section 982(a)(8), any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of the offense charged in Count One of the Information; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of the offense including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) Title 18, United States Code, Section 982(a)(1), any and all property involved in the offense charged in Count Three of the Information, including but not limited to a sum of money in United States currency representing all property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,500,000 in United States currency representing the amount of proceeds traceable to

the offense charged in Count One of the Information that the Defendant personally obtained and property involved in Count Three of the Information, for which the Defendant is jointly and severally liable with his co-defendant, Cameron Brewster (the "Co-defendant"), and the forfeiture money judgment entered against the Co-defendant in this case for the offense charged in Count One of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property involved in Count Three of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Robert B. Sobelman, of counsel, and the Defendant and his counsel, Samidh Guha, Esq., that:

1.      As a result of the offenses charged in Counts One and Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,500,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property involved in the offense charged in Count Three of the Information, for which the Defendant is jointly and severally liable with the Co-defendant and the forfeiture money judgment against him in this case with respect to the offense charged in Count One of the Information.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant KEVIN HANDREN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Customs and Border Protection or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____            1/27/26
      ROBERT B. SOBELMAN                              DATE
      Assistant United States Attorney
      26 Federal Plaza
      New York, NY 10278
      (212) 637-2616


KEVIN HANDREN

By: _____            1/27/26
      KEVIN HANDREN                                  DATE


By: _____            1/27/26
      SAMIDH GUHA, ESQ.                              DATE
      Attorney for Defendant
      Venable LLP
      151 West 42nd Street
      New York, New York 10065


SO ORDERED:

_____            1/27/2026
HON. SIDNEY H. STEIN                             DATE
UNITED STATES DISTRICT JUDGE